UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALBA MARTINEZ, <br><br> Plaintiff, <br><br> v. <br><br> TONY & SONS AUTO REPAIR et al., <br><br> Defendants. | CIVIL ACTION NO. 1:23-CV-1568 <br><br> (MEHALCHICK, M.J.) |

**MEMORANDUM**

This action brought by *pro se* Plaintiff Alba Martinez ("Martinez"), was commenced by the filing of a complaint on September 21, 2023, against Defendants Tony & Sons Auto Repair and its mechanic, Jonathan (collectively, Defendants). (Doc. 1). Martinez asserts tort claims for property damage arising out of an incident that occurred at Defendants' auto repair shop. (Doc. 1, at 2; Doc. 1-1, at 1). Concurrently filed with the complaint, Martinez filed a motion to proceed *in forma pauperis*.[1] (Doc. 2). Having conducted the statutorily-mandated screening of Martinez's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), the Court finds Martinez has failed to state a claim upon which relief may be granted but will grant Martinez leave to file an amended complaint.

I.  **BACKGROUND AND PROCEDURAL HISTORY**

Liberally construing the complaint, Martinez's claims relate to an incident that occurred on May 15, 2023, when Martinez went to Defendants' shop to get her oil changed. (Doc. 1, at 2). According to Martinez, after getting her oil changed, Jonathan informed

---

[1] The Court addresses the motion for leave to proceed *in forma pauperis* by separate Order. (Doc. 2).

Martinez that she needed a "piece for [her] car" that would cost $182.00. (Doc. 1, at 2). Martinez alleges that because she trusted Defendants, she paid Jonathan and was able to pick up the part one week later. (Doc. 1, at 2). Martinez then alleges that on June 9, 2023, she left for Buffalo, New York with her two children, and within one hour, her car began to make noise. (Doc. 1, at 2). According to Martinez, when she went to check her car's oil, she found that it was empty. (Doc. 1, at 2). As a result, Martinez alleges she had to have her car towed from New York to Harrisburg and she had to pay for an Uber to transport her and her children. (Doc. 1, at 2). Martinez further alleges she lost her job following the incident. (Doc. 1, at 2). Martinez requests damages for her car and expenses incurred. (Doc. 1, at 2).

II. **LEGAL STANDARD**

Under 28 U.S.C. § 1915(e)(2)(B)(ii), the Court is statutorily required to review the complaint of a plaintiff proceeding in forma pauperis prior to service of process. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *see generally Banks v. Cty. of Allegheny*, 568 F. Supp. 2d 579, 587–89 (W.D. Pa. 2008) (summarizing prisoner litigation screening procedures and standards). In performing this mandatory screening function, a district court applies the same standard applied to motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999).

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To assess the sufficiency of a complaint on a Rule 12(b)(6) motion, a court must first take note of the elements a plaintiff must plead to state a claim, then identify mere conclusions which are not entitled to the assumption of truth, and finally determine whether the complaint's factual allegations, taken as true, could plausibly satisfy the elements of the legal

claim. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011). In deciding a Rule 12(b)(6) motion, the court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rts, Ltd.*, 551 U.S. 308, 322 (2007).

After recognizing the required elements which make up the legal claim, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The plaintiff must provide some factual ground for relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Thus, courts "need not credit a complaint's 'bald assertions' or 'legal conclusions' . . . ." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)). Nor need the court assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. Cal. St. Council of Carpenters*, 459 U.S. 519, 526 (1983).

A court must then determine whether the well-pleaded factual allegations give rise to a plausible claim for relief. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Palakovic v. Wetzel*, 854 F.3d 209, 219-20 (3d Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678) (internal quotation marks omitted); *see also Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010). The court must accept as true all allegations in the complaint, and any reasonable inferences that can be drawn therefrom are to be construed

in the light most favorable to the plaintiff. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). This "presumption of truth attaches only to those allegations for which there is sufficient factual matter to render them plausible on their face." *Schuchardt v. President of the U.S.*, 839 F.3d 336, 347 (3d Cir. 2016) (internal quotation and citation omitted). The plausibility determination is context-specific and does not impose a heightened pleading requirement. *Schuchardt*, 839 F.3d at 347.

Additionally, Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Thus, a well-pleaded complaint must recite factual allegations that are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action. There is no requirement that the pleading be specific or probable. *Schuchardt*, 839 F.3d at 347 (*citing Phillips v. Cty. of Allegheny*, 515 F.3d at 224, 233-234 (3d Cir. 2008). Rule 8(a) requires a "showing that 'the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (quoting Fed. R. Civ. P. 8(a)(2)); *see also Phillips*, 515 F.3d at 233 (citing *Twombly*, 550 U.S. at 545).

With the aforementioned standards in mind, a document filed *pro se* is "to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). Further, the Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit

a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview St. Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

III.  **DISCUSSION**

    A.  <u>THE COURT LACKS JURISDICTION TO HEAR THE CLAIM</u>

Though the basis for Martinez's claims are considerably ambiguous, she appears to assert claims for property damage to her vehicle caused by a defective product, presumably the new piece Defendants advised her to purchase. (Doc. 1, at 2). Martinez asserts that because of Defendants' defective repair and/or maintenance work, her vehicle was unsafe for driving. (Doc. 1, at 2).

Pursuant to 28 U.S.C. § 1331, federal district courts have original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 1331. Additionally, "federal district courts are vested with original jurisdiction over civil actions where the matter in controversy exceeds the sum or value of $75,000 and is between 'citizens of different States.'" *McCann v. Newman Irrevocable Trust*, 458 F.3d 281, 286 (3d Cir. 2006) (citing 28 U.S.C. § 1332(a)(1)). Martinez explicitly states that she asserts claims for property damage under the doctrine of product liability. (Doc. 1, at 1; Doc. 1-1, at 1). She does not allege facts showing that the Constitution, laws, or treaties of the United States were violated, nor does she state that the matter in controversy exceeds the sum or value of $75,000. (Doc. 1, at 2-3). Furthermore, both parties appear to be citizens of Pennsylvania. (Doc. 1, at 1-2; Doc. 1-1, at 1). As such, this Court lacks subject matter jurisdiction over Martinez's claim. *See* 28 U.S.C. §§ 1331, 1332(a)(1).

    B.  <u>LEAVE TO AMEND</u>

The Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure

to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson*, 293 F.3d at 108. Further, "[a] district court has 'substantial leeway in deciding whether to grant leave to amend.'" *In re Avandia Mktg., Sales Practices & Prod. Liab. Litig.*, 564 F. App'x 672, 673 (3d Cir. 2014) (not precedential) (quoting *Lake v. Arnold*, 232 F.3d 360, 373 (3d Cir. 2000)). In this case, the Court will grant Martinez leave to file an amended complaint in an attempt to cure the deficiencies outlined herein. *Estelle*, 429 U.S. at 106; *Grayson*, 293 F.3d at 108. Keeping in mind that a document filed *pro se* is "to be liberally construed," the Court will grant Martinez leave to file an amended complaint in an effort to allow her to bring a federal cause of action. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). Martinez is advised to demonstrate in her amended complaint that she suffered a constitutional violation or a violation of Federal law. Martinez is reminded that her "amended complaint must be complete in all respects. It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." *Young v. Keohane*, 809 F.Supp. 1185, 1198 (M.D. Pa. 1992).

IV.  **CONCLUSION**

Based on the foregoing, the Court finds that federal jurisdiction is lacking in this case. As such, Martinez's complaint fails to state a claim over which the Court has jurisdiction. (Doc. 1). The Court grants Martinez leave to amend the complaint within 28 days of the date of this Order, on or before Friday, March 1, 2024. An appropriate Order follows.

Dated: February 2, 2024            *s/ Karoline Mehalchick*
                                   **KAROLINE MEHALCHICK**
                                   **Chief United States Magistrate Judge**